1    THOMPSON THOMPSON & ALCANTARA, P.C.
238 Archbishop Flores Street, Suite 801
2    Hagåtña, Guam 96910
Telephone: (671) 472-2089
3    Facsimile: (671) 477-5206

4    Attorneys for Defendant University of Guam

5

6               **IN THE DISTRICT COURT OF GUAM**

7                  TERRITORY OF GUAM

| | | |
|---|---|---|
| RONALD L. MCNINCH JR., | ) | **CIVIL CASE NO. 16-00021** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNIVERSITY OF GUAM, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UNIVERSITY OF GUAM'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**
[FED. R. CIV. P. **12(b)(6)**]

# TABLE OF CONTENTS

INTRODUCTION.................................................................................................1

**RELEVANT FACTS** ........................................................................................2

**ANALYSIS** ......................................................................................................3

    I.      LEGAL STANDARD ON MOTION TO DISMISS ...........................................3

    II.     ALL CLAIMS BASED ON EVENTS ARISING
            MORE THAN 180 DAYS PRIOR TO PLAINTIFF'S
            EEOC CHARGE OR POST-DATING THAT
            CHARGE SHOULD BE DISMISSED ................................................4

            A.     Claims Based on Allegations More than
                   180 Days Prior to Plaintiffs' EEOC
                   Charge Must be Dismissed.......................................................5

            B.     Allegations Post-Dating Plaintiff's EEOC
                   Charge are Also Not Actionable ..............................................6

    III.    PLAINTIFF HAS NOT PLEADED AND CANNOT
             PROVE A CAUSAL LINK BETWEEN ANY
            PROTECTED ACTIVITY AND AN ADVERSE
            EMPLOYMENT ACTION ..........................................................8

            A.     Plaintiff's Non-Promotion was Not Proximate
                   in Time to his Alleged Protected Activity ...............................9

            B.     Plaintiff Can Marshall No Evidence of
                   Retaliatory Motive ................................................................10

    IV.    CRITICISM BY FELLOW PROFESSORS IS <u>NOT</u>
            AN ADVERSE EMPLOYMENT ACTION....................................11

            A.     Letters by Fellow Professors are Not
                   Attributable to the University ...............................................11

            B.     Personal Animosity from Co-workers does
                   Not Constitute any Adverse Employment Action..................11

            C.     Peer Review Procedures are Not the Proper
                   Subject of Retaliation Claims ...............................................12

i

V.     PLAINTIFF'S REMAINING ALLEGATIONS
FAIL TO RAISE PLAUSIBLE RETALIATION CLAIMS ............................. 14

VI.    PLAINTIFF'S "MERIT SYSTEM" CLAIM
IS MERITLESS ................................................................. 15

    A.    The University is Not an Executive
Agency or Instrumentality ....................................... 16

    B.    The Legislature has Expressly Empowered
the University to Adopt Rules for Academic
Personnel, Recognizing the University's
"Academic Freedom and Autonomy" ...................... 16

    C.    Plaintiff's Claim is Time-Barred ........................... 18

VII.   PLAINTIFF HAS NO "DUE PROCESS" INTEREST
IN A PROMOTION AT THE UNIVERSITY ................................... 19

    A.    Workplace Promotions Generally Do Not
Affect a Property Interest ....................................... 20

    B.    Professors Have No Property Interest
in Promotions ....................................................... 21

    C.    Academic Promotions are Intrinsically Subjective ................. 23

CONCLUSION ............................................................................... 24

ii

# TABLE OF AUTHORITIES

**CASES**                                                                    **PAGE(S)**

Allen v. Iranon,
283 F.3d 1070 (9th Cir. 2002)...................................................................................9

Annett v. Univ. of Kansas,
371 F.3d 1233 (10th Cir. 2004)..................................................................................6

Anthoine v. North Central Counties Consortium,
605 F.3d 740 (9th Cir. 2010)....................................................................................10

Ashcroft v. Iqbal,
555 U.S. 662 (2009) ...................................................................................................3

Bell Atlantic Corp. v. Twombly,
550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) ...........................................4

Bigby v. City of Chicago,
766 F.2d 1053 (7th Cir. 1985)..................................................................................21

Bishop v. Wood,
426 U.S. at 350, 96 S.Ct. 2074 ................................................................................23

Board of Regents of State Colleges v. Roth,
408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972) .............................................22

Brazill v. Cal. North State College of Pharm.,
949 F.Supp.2d 1011 (E.D. Cal. 2011)......................................................................10

Bridgeforth v. Salazar,
831 F.Supp.2d 132 (D. D.C. 2011) ..........................................................................15

Brooks v. City of San Mateo,
229 F.3d 917 (9th Cir. 2000)....................................................................................12

Brown v. Advocate South Suburban Hospital,
700 F.3d 1101 (7th Cir. 2012)..................................................................................12

Brown v. Camp Hill,
2015 WL 5675575 (M.D. Pa. Sept. 25, 2015) .........................................................15

Brown v. Puget Sound Elec. Apprenticeship & Training Trust,
732 F.2d 726 (9th Cir. 1984).................................................................................6, 7

iii

Burlington N. & Santa Fe Ry. Co. v. White,
548 U.S. 53, 126 S. Ct. 2405, 165 L. Ed. 2d 345 (2006) ...........................................12

Clark v. Whiting,
607 F.2d 634 (4th Cir. 1979).....................................................................................24

Cleveland Bd. of Educ. v. Loudermill,
470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985) .......................................20, 21

Cohen v. Fred Mayer, Inc.,
686 F.2d 793 (9th Cir. 1982).....................................................................................10

Colm v. Vance,
196 U.S. App. D.C. 132, 567 F.2d 1125 (D.C. Cir. 1977).........................................23

Cornwall v. Electra,
439 F.3d 1018 (9th Cir. 2006)......................................................................................9

Cuenca v. Univ. of Kansas,
265 F. Supp. 2d 1191 (D. Kan. 2003), aff'd, 101 F. App'x 782 (10th Cir. 2004) .....................14

Cuong Cuu Hua v. Donahoe,
2015 WL 1383275 (C.D. Cal. Mar. 24, 2015) ............................................................7

Curtis v. Univ. of Houston,
940 F.Supp. 1070 (S.D. Tex. 1996) .............................................9, 13, 18, 21, 22, 23

Dee Swain v. Board of Trustees,
466 F. Supp. 120 (N.D. Ohio 1979)...........................................................................24

Direct TV v. Webb,
545 F.3d 837 (9th Cir. 2008)......................................................................................18

Douglas v. Dep't of Correction,
2015 WL 4394877 (W.D. Wash. July 16, 2015) ........................................................15

Duncan v. Manager, Dep't of Safety, City & Cty. of Denver,
397 F.3d 1300 (10th Cir. 2005).....................................................................................6

Edwards v. Teamsters Local Union No. 36,
719 F.2d 1006 (9th Cir. 1982)....................................................................................18

Freeman v. Oakland Unified Sch. Dist.,
291 F.3d 632 (9th Cir. 2002)........................................................................................7

iv

Gerritsen v. Warner Bros. Entm't Inc.,
112 F. Supp. 3d 1011 (C.D. Cal. 2015)..................................................................13

Goodisman v. Lytle,
724 F.2d 818 (9th Cir. 1984)........................................................................21, 22

Green v. Los Angeles County Superintendent of Schs.,
883 F.2d 1472 (9th Cir. 1989)..........................................................................6

Haeuser v. Dept. of Law,
97 F.3d 1152 (9th Cir. 1996)...........................................................................16

Hansen Beverage Co. v. Innovation Ventures, LLC,
2009 WL 6597891 (S.D. Cal. Dec. 23, 2009).............................................13

Hays v. LaForge,
113 F. Supp. 3d 883 (N.D. Miss. 2015) ..........................................................4

Hill v. Alameda Cty. Prob. Dep't,
2015 WL 1408825 (N.D. Cal. Mar. 27, 2015)...........................................21, 22

Hill v. Majestic Blue Fisheries, LLC,
2013 WL 1499155 (D. Guam Apr. 12, 2013) ...................................................3

Jacobson v. Hannifin,
627 F.2d 177 (9th Cir. 1980)...........................................................................22

Kaplan v. International Alliance of Theatrical and Stage Employees and Motion Picture
    Machine Operators,
525 F.2d 1354 (9th Cir. 1975)..........................................................................7

Kmetz v. Univ. of Delaware,
2014 WL 2885440 (D. Del. June 25, 2014) ....................................................22

Koscherak v. Schmeller,
363 F.Supp. 932 (S.D.N.Y. 1973).....................................................................23

Lake Mich. Col. Fed. of Teach. v. Lake Mich. Com. Col.,
518 F.2d 1091 (6th Cir. 1975)..........................................................................23

Manatt v. Bank of America, N.A.,
339 F.3d 792 (9th Cir. 2003)..........................................................................10

Manning v. Blue Cross & Blue Shield of Kansas City,
522 F. App'x 438 (10th Cir. 2013) ....................................................................7

v

Martinez v. Potter,
347 F.3d 1208 (10th Cir. 2003)..................................................................................6

Mezu v. Morgan State Univ.,
367 F. App'x 385 (4th Cir. 2010) ..............................................................................4

Nat'l R.R. Passenger Corp. v. Morgan,
536 U.S. 101, 122 S. Ct. 2061, 153 L. Ed. 2d 106 (2002) ........................................5

Nunez v. City of Los Angeles,
147 F.3d 867 (9th Cir. 1998)...............................................................................20, 21

Olson v. Trustees of California State Universities,
351 F. Supp. 430 (C.D. Cal. 1972) ..........................................................................21

Rajaravivarma v. Bd. of Trustees for Conn. State Univ. Sys.,
862 F. Supp. 2d 127 (D. Conn. 2012) .......................................................................13

Recio v. Creighton University,
521 F.3d 934 (8th Cir. 2008)....................................................................................11

Rivera v. Anaya,
726 F.2d 564 (9th Cir. 1984)....................................................................................18

Sanchez v. Standard Brands, Inc.,
431 F.2d 455 (5th Cir.1970)........................................................................................7

Schwartz v. Thompson,
497 F.2d 430 (2d Cir. 1974)......................................................................................23

Shafer v. Kal Kan Foods, Inc.,
417 F.3d 663 (7th Cir. 2005)....................................................................................12

Somoza v. University of Denver,
53 F.3d 1206 (10th Cir. 2008)..................................................................................11

Spuler v. Pickar,
958 F.2d 103 (5th Cir. 1992)...............................................................................13, 23

Stache v. Int'l. Union of Bricklayers & Allied Craftsmen, AFL-CIO,
852 F.2d 1231 (9th Cir. 1988)....................................................................................7

Tarasenko v. Univ. of Arkansas,
63 F. Supp. 3d 910 (E.D. Ark. 2014) .........................................................................4

vi

Tyndzik v. Director, Office of Workers Compensation Programs,
53 F.3d 1050 (9th Cir. 1995)..................................................................16

United States ex rel Cafasso v. Gen. Dynamics C4 Sys., Inc.,
637 F.3d 1047 (9th Cir. 2011)................................................................10

United States v. Ritchie,
342 F.3d 903 (9th Cir. 2003)....................................................................5

Univ. of Guam v. Guam Civil Service Comm'n (Foley),
2002 Guam 4............................................................................................17

Vasquez v. County of Los Angeles,
349 F.3d 634 (9th Cir. 2003)..................................................................12

Villiarimo v. Aloha Island Air, Inc.,
281 F.3d 1054 (9th Cir. 2002)..................................................................9

W. v. New Mexico Taxation & Revenue Dep't.,
757 F. Supp. 2d 1065 (D.N.M. 2010) ......................................................6

Warwick v. Univ. of the Pacific,
2010 WL 2680817 (N.D. Cal. 2010)......................................................10

Wise v.Verizon Comms., Inc.,
600 F.2d 1180 (9th Cir. 2010)................................................................18

Wyshank v. City National Bank,
607 F.2d 824 (9th Cir. 1979)..................................................................18

**STATUTES**                                                    **PAGE(S)**

17 G.C.A. § 16108 ..................................................................................17

17 G.C.A. § 16112 ..................................................................................17

28 U.S.C.§ 1658 ......................................................................................18

4 G.C.A. § 4102 ......................................................................................17

4 G.C.A. § 6103 ......................................................................................17

42 U.S.C. 2000e-5(e)(1)............................................................................5

48 U.S.C. § 1422 ..................................................................15, 16, 18, 19

vii

7 G.C.A. §11305 ..................................................................................................19

California Code of Civil Procedure § 338(1) .........................................................18

viii

INTRODUCTION

    This memorandum supports the Defendant University of Guam's (the "University") FRCP Rule 12(b)(6) motion to dismiss Plaintiff's Complaint for failure to state a claim.

    Allegations of workplace "retaliation" are easy to make but rather more difficult to prove in court.  In the instant case, Plaintiff's Complaint levels a host of conclusory "retaliation" allegations that simply do not withstand judicial scrutiny.  For should this case ultimately proceed to trial, the University will show that Plaintiff's non-promotion to full Professor was based on legitimate, merit-based considerations after a full and fair resort to the University's established promotion and tenure review process. (It is respectfully submitted that the time and effort Plaintiff has devoted to pursuing the instant action could be more constructively devoted to shoring up deficiencies in Plaintiff's academic credentials for promotion, as Plaintiff is free to reapply for his desired promotion if he chooses to do so.)

    In any event, it is apparent that no trial of this cause will be necessary.  That is because the vast bulk of the claims Plaintiff asserts are either time-barred, were not part of Plaintiff's EEOC Charge, do not legally amount to adverse employment actions, or are simply untethered to any established judicial notion of workplace retaliation.

    Plaintiff's remaining claims, involving "due process" and the Guam "merit system" statute, should similarly be dispatched on this motion.  These claims are time-barred as a matter of law based on the applicable three-year statute of limitations.  Moreover, even if they had been timely filed, such claims are legally meritless because the University is not an "executive branch" agency (and thus not subject to the merit system statute); and, moreover, because due process rights are not implicated by the denial of a workplace promotion.

1

This memorandum is lengthy, but only because there are so many reasons supporting dismissal of Plaintiff's frivolous claims. In order to avoid waiver of particular arguments it has been necessary to address them all in the instant memorandum. However, the Court need not address all of Plaintiff's strained contentions in order to justify dismissal of the Complaint.

## RELEVANT FACTS

Plaintiff filed his Complaint initiating the instant action on March 11, 2016. However, Plaintiff filed no summons along with his Complaint; and he failed to serve the University until June 7, 2016, after the Magistrate Judge had reminded Plaintiff, on June 2, 2016, that timely service on the University was required. *See* Doc. 5, (Order June 2, 2016) (per Manibusan, M.J.).

According to the Complaint, the instant action arises under Title VII of the Civil Rights Act of 1964, based on allegations that Plaintiff was retaliated against by the University in the terms, conditions and privileges of his employment "for engaging in protected activity involving the voicing of his opposition to employment discrimination." Complaint at ¶¶ 1-2. The Complaint also purportedly sets forth claims for relief under the Guam Organic Act based on the alleged failure of the University to adopt a "merit system" for the promotion of academic staff, Complaint at ¶ 4, and for a "due process" violation in connection with its allegations. Complaint at ¶¶ 7-9.

Although the Complaint addresses various alleged acts or omissions on the part of the University and others, the gist of the action is the denial of Plaintiff's application for promotion to full professor in December, 2012. *See* Complaint at ¶ 28. Plaintiff alleges that the reason he was not promoted is his outspoken criticism of the University's hiring and promotion practices, which he alleges disfavor female and minority applicants. Complaint at ¶¶ 29, 30, 32, and 33. In addition, Plaintiff maintains that the University "refused to seat the Plaintiff" as a member of

2

the Guam Faculty Senate as an interim member "because of his past complaints," Complaint at ¶ 37, and further that the University (via unspecified actors) "wrote and circulated various derogatory letters and statements about the Plaintiff in an effort to harm his reputation as a result of Plaintiff's outspoken opposition to discriminatory practices and treatment of minority and female applicants and unit and employees at the University of Guam." Complaint at ¶ 38.

For the reasons articulated below, Plaintiff's allegations are factually and legally insufficient to set forth a plausible claim for relief and are thus due for dismissal for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## ANALYSIS

## I.

## LEGAL STANDARD ON MOTION TO DISMISS

The standards governing the motions to dismiss for failure to state a claim were summarized by this Court in Hill v. Majestic Blue Fisheries, LLC, No. 11-00034, 2013 WL 1499155, at *3 (D. Guam Apr. 12, 2013). As the Court there noted, the court must engage in a two-step procedure to determine the plausibility of a claim. *Id., citing* Ashcroft v. Iqbal, 555 U.S. 662, 678-79 (2009). First, the court must weed out the legal conclusions—that is "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements"—in the pleading that are not entitled to a presumption of truth. *Id.* at 678. Second, the court should presume the remaining factual allegations are true and determine whether the claim is plausible. *Id.* at 679. A claim is facially plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (*citing* Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). The court must "draw on its judicial experience and

3

common sense" to determine the plausibility of a claim given the specific context of each case. *Id.* at 679.

Motions to dismiss for failure to state a claim are appropriate and have been granted in a variety of different cases involving allegations quite similar to those in the case at bar. *See, e.g.*, Hays v. LaForge, 113 F. Supp. 3d 883 (N.D. Miss. 2015) (Granting University President's motion to dismiss professor's suit alleging retaliation for exercising his First Amendment right to free speech); Mezu v. Morgan State Univ., 367 F. App'x 385, 388 (4th Cir. 2010) (Affirming dismissal of professor's suit alleging discrimination and retaliation in connection with University's failure to promote her to full professor); Tarasenko v. Univ. of Arkansas, 63 F. Supp. 3d 910 (E.D. Ark. 2014) (Granting University's motion to dismiss professor's suit alleging, *inter alia*, that she was terminated without due process and in violation of equal protection).

Where plaintiffs fail to "nudge[ ] their claims across the line from conceivable to plausible, their complaint[s] must be dismissed." Twombly, 550 U.S. at 570, 127 S. Ct. at 1974, 167 L. Ed. 2d 929. As we shall see below, the instant case is a classic case in which the Plaintiff has failed to nudge his claims across the line from conceivable to plausible.

## II.

### ALL CLAIMS BASED ON EVENTS ARISING MORE THAN 180 DAYS PRIOR TO PLAINTIFF'S EEOC CHARGE OR POST-DATING THAT CHARGE SHOULD BE DISMISSED

As we have seen, Plaintiff's *pro se* Complaint contains allegations dating back as far as 1997. *See* Complaint at ¶16. In addition, the Complaint makes allegations that post-date his 2012 EEOC charge. It is unclear from the Complaint whether Plaintiff's references to such

4

activities were made merely for purposes of setting forth a background or whether he actually believes such alleged incidences of discrimination are legally actionable. Thus, as a threshold matter, it should be clarified that the only plausible claim for relief alleged by Plaintiff that is properly before the Court is the one related to the denial of Plaintiff's *second* promotion application in 2012. To the extent Plaintiff alleges otherwise in his Complaint, all other claims for relief should be dismissed.

### A.   Claims Based on Allegations More than 180 Days Prior to Plaintiffs' EEOC Charge Must be Dismissed

Plaintiff's EEOC charge was attached to his Complaint and thus may be considered for purposes of the instant motion. *See* United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003). Plaintiff's Charge of Discrimination form indicates that the alleged discrimination took place on April 20, 2012. Pursuant to 42 U.S.C. 2000e-5(e)(1), a charge must be filed "within one hundred and eighty days after the alleged unlawful employment practice occurred . . .". That means that to be actionable, any alleged discriminatory acts must have taken place on October 19, 2011 at the latest.

According to the U.S. Supreme Court, "discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges. Each discrete discriminatory act starts a new clock for filing charges alleging that act. The charge, therefore, must be filed within the 180–or 300–day time period after the discrete discriminatory act occurred." Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113, 122 S. Ct. 2061, 2072, 153 L. Ed. 2d 106 (2002). Among other things, the Complaint alleges that Plaintiff was wrongfully denied a promotion in 2006. Complaint at ¶¶ 25-28. Accordingly, all claims based

5

on Plaintiff's 2006 promotion application (Complaint at ¶¶ 25-28) as well as all other allegations of the Complaint that predate October 19, 2011 are time-barred as a matter of law.

### B.  Allegations Post-Dating Plaintiff's EEOC Charge are Also Not Actionable

Similarly, events *post-dating* Plaintiff's EEOC charge cannot form the basis of any actionable claim for relief in the instant action.  Courts lack jurisdiction to review Title VII claims that are not part of a timely-filed EEOC charge.  Annett v. Univ. of Kansas, 371 F.3d 1233, 1238 (10th Cir. 2004).  This is because, "[a] claim of retaliation is a distinct allegation of an unlawful employment practice.  A Title VII plaintiff must 'exhaust administrative remedies for each individual discriminatory or retaliatory act.'"  Duncan v. Manager, Dep't of Safety, City & Cty. of Denver, 397 F.3d 1300, 1314 (10th Cir. 2005); *quoting* Martinez v. Potter, 347 F.3d 1208, 1211 (10th Cir. 2003).  *See also*, Annett v. University of Kansas, 371 F.3d at 1238 (noting the exception permitting the employee to sue on acts of discrimination post-EEOC charge is no longer viable for discrete discrimination claims); W. v. New Mexico Taxation & Revenue Dep't., 757 F. Supp. 2d 1065, 1111 (D.N.M. 2010).

According to the Ninth Circuit, allegations of discrimination not included in the plaintiff's administrative charge "may not be considered by a federal court unless the new claims are 'like or reasonably related to the allegations contained in the EEOC charge.'" Green v. Los Angeles County Superintendent of Schs., 883 F.2d 1472, 1475–76 (9th Cir. 1989) (*quoting* Brown v. Puget Sound Elec. Apprenticeship & Training Trust, 732 F.2d 726, 729 (9th Cir. 1984)).

In determining whether an allegation under Title VII is like or reasonably related to allegations contained in a previous EEOC charge, the court inquires whether the original EEOC investigation would have encompassed the additional charges.  Green, 883 F.2d at 1476, *citing*

6

Kaplan v. International Alliance of Theatrical and Stage Employees and Motion Picture Machine Operators, 525 F.2d 1354, 1359 n.3 (9th Cir. 1975) ("[i]t is only logical to limit the permissible scope of the civil action to the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination") (*quoting* Sanchez v. Standard Brands, Inc., 431 F.2d 455, 466 (5th Cir.1970)). "But if the two claims are not so closely related that a second administrative investigation would be redundant, the EEOC must be allowed to investigate the dispute before the employee may bring a Title VII suit." Stache v. Int'l. Union of Bricklayers & Allied Craftsmen, AFL-CIO, 852 F.2d 1231, 1234 (9th Cir. 1988); *citing* Brown, 732 F.2d at 730. "Despite the Ninth Circuit's liberal construction of EEOC charges, 'there is a limit to such judicial tolerance when principles of notice and fair play are involved.'" Cuong Cuu Hua v. Donahoe, 2015 WL 1383275, at *4 (C.D. Cal. Mar. 24, 2015), *quoting* Freeman v. Oakland Unified Sch. Dist., 291 F.3d 632, 636 (9th Cir. 2002).

Here, Plaintiff raises several entirely new allegations never raised before or investigated by the EEOC. In fact, most of the allegations could not have been investigated by the EEOC because they occurred after Plaintiff filed his charge and the University received no notice of the allegations until reading Plaintiff's pleadings in the instant case. Accordingly the Court lacks jurisdiction to consider any claims based on Plaintiff's newly-hewn allegations that the University "refused to seat" Plaintiff on the Academic Senate in 2013 (Complaint at ¶37), and circulated "derogatory letters and statements" about Plaintiff in 2014.  (Complaint at ¶38.)  *See* Manning v. Blue Cross & Blue Shield of Kansas City, 522 F. App'x 438, 440-41 (10th Cir. 2013) (to exhaust administrative remedies, "the charge must contain facts concerning the discriminatory and retaliatory actions underlying each claim.").

7

**III.**

**PLAINTIFF HAS NOT PLEADED AND CANNOT PROVE A CAUSAL LINK BETWEEN ANY PROTECTED ACTIVITY AND AN ADVERSE EMPLOYMENT ACTION**

Even if Plaintiff's claims were otherwise actionable, they should nevertheless be dismissed because they fail to set forth a causal link between protected activity and the retaliatory acts alleged.

Plaintiff alleges that he was retaliated against by the University for engaging in protected activity involving the voicing of his opposition to employment discrimination, in violation of Title VII of the Civil Rights Act. Complaint at ¶ 2. In particular, Plaintiff maintains that he applied for promotion to full professor in 2006 but was denied promotion because he was viewed as a "troublemaker for voicing his prior EEO concerns and complaints." Complaint at ¶¶ 25-26. He claims that on an unspecified date his application for promotion to full professor was denied and that the appeal of this denial was not processed. Complaint at ¶ 28. Plaintiff further alleges that in December 2011, he applied a second time for promotion to full professor and was again denied, this time allegedly based on certain negative letters written by the union president and vice president. Complaint at ¶¶ 34-36. Finally, Plaintiff maintains that in August 2013, he was selected to serve on the University of Guam Faculty Senate, as an interim member, but was not seated based on his past complaints. Complaint at ¶ 37.

As noted above, in the event this matter should proceed to trial, the University will demonstrate that there is no factual or legal basis for any of Plaintiff's claims of retaliation. The evidence clearly shows that the decision not to promote plaintiff to full professor was

8

amply grounded based on relevant and legitimate academic criteria. However, for purposes of the instant motion to dismiss, it is sufficient for the University to establish that Plaintiff's claims are not actionable because they fail to satisfy the essential requirement of "causation."

As a district court aptly noted in a similar case, "[c]orrelation is not causation." Curtis v. Univ. of Houston, 940 F.Supp. 1070, 1077 (S.D. Tex. 1996). Even assuming, without conceding, that Plaintiff could establish the first two elements of a retaliation claim, he cannot establish the third, namely proof that there was casual link between the protected activity and the adverse employment action. In the absence of direct evidence of retaliatory motive, of which there is none in this case, a plaintiff must present circumstantial evidence. Typically this circumstantial evidence consists of evidence of: (1) proximity in time between the protected activity and the alleged retaliation; (2) defendant's expressed opposition to plaintiff's protected activity; or (3) evidence that the reasons proffered by the defendant for the adverse action were false and pretextual. *See* Allen v. Iranon, 283 F.3d 1070, 1077 (9th Cir. 2002).

A. **Plaintiff's Non-Promotion was Not Proximate in Time to his Alleged Protected Activity**

The gist of Plaintiff's retaliation claim is that he was wrongfully denied a promotion in December 2012, in retaliation for protected activity which he undertook in 2008 and 2010— **between two and four years *prior* to the promotion's denial**. *See* Complaint at ¶¶ 29, 30, 32, 33 and 36. Unfortunately, for Plaintiff, the Ninth Circuit has held that a nearly **18-month lapse** between the protected activity and the adverse employment action is too long to give rise to an inference of causation. Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1065 (9th Cir. 2002). Indeed, gaps of only eight to nine months have been found to be too great to allow the inference of a causal link. *See* Cornwall v. Electra, 439 F.3d 1018, 1035-36 (9th Cir. 2006)

9

1  (gap of eight months); <u>Manatt v. Bank of America, N.A.</u>, 339 F.3d 792, 802 (9th Cir. 2003)

2  (gap of nine months).

3        In the instant case, the gap between Plaintiff's alleged protected activity and the alleged

4  retaliation is in excess of two years. This sizable gap in time legally precludes any inference of

5  retaliatory motive.

6        **B.**        **Plaintiff Can Marshall No Evidence of Retaliatory Motive**

7        When a Plaintiff relies on circumstantial evidence to show retaliation, that evidence

8  must be specific. <u>Anthoine v. North Central Counties Consortium</u>, 605 F.3d 740, 753 (9th Cir.

9  2010). In particular, the plaintiff is required to produce evidence that the decision-maker was

10  aware of the Plaintiff's protected activity. *See* <u>United States ex rel Cafasso v. Gen. Dynamics</u>

11  <u>C4 Sys., Inc.</u>, 637 F.3d 1047, 1061 (9th Cir. 2011) (plaintiff must present non-speculative

12  evidence of specific facts to show decision maker knew of plaintiff's protected activity); <u>Cohen</u>

13  <u>v. Fred Mayer, Inc.</u>, 686 F.2d 793, 797 (9th Cir. 1982) (no casual link where decision maker

14  did not know that plaintiff had recently engaged in protected activity).

15        In <u>Brazill v. Cal. North State College of Pharm.</u>, 949 F.Supp.2d 1011, 1024-25 (E.D.

16  Cal. 2011), the plaintiff claimed that she had been terminated in retaliation for her complaints

17  to the dean regarding alleged mis-use of federal financial aid funds, violating the FCA. The

18  district court granted summary judgment in favor of the college on her retaliation claim, as

19  plaintiff failed to provide evidence that the decision maker, the president of the college, knew

20  of her protected activity. *See also* <u>Warwick v. Univ. of the Pacific</u>, 2010 WL 2680817 (N.D.

21  Cal. 2010) (summary judgment granted on retaliation claim where no evidence that deputy

22  commissioner of the Board of Parole Hearings was aware of plaintiff's protected activity).

23

24
                                    10

In the instant case, Plaintiff does not and cannot point to any direct, let alone circumstantial evidence of any retaliatory motive on the part of the decision maker. As noted previously, the decision-maker in this case was the President of the University. To state a plausible claim for relief, Plaintiff was required to point to specific facts showing that *the President* was aware of Plaintiff's protected activity. Plaintiff's inability in this regard is fatal to his claim.

## IV.

## CRITICISM BY FELLOW PROFESSORS IS <u>NOT</u> AN ADVERSE EMPLOYMENT ACTION

### A. <u>Letters by Fellow Professors are Not Attributable to the University</u>

In the instant case, Plaintiff's retaliation claim is based chiefly on the allegation that two of his University colleagues wrote "negative letters against plaintiff." Complaint at ¶ 35. Yet the two colleagues at issue are not even part of management at the University, but instead are members of Plaintiff's *labor union*. *Id.* As Drs. Shuster and Platt are fellow faculty members, not supervisors or administrators of the University, their letters cannot be deemed adverse action. *See* <u>Recio v. Creighton University</u>, 521 F.3d 934, 940-41 (8th Cir. 2008) (getting "silent treatment' from colleagues not adverse employment action); <u>Somoza v. University of Denver</u>, 53 F.3d 1206, 1214-15 (10th Cir. 2008) (incivility of co-workers at meeting not adverse employment action).

### B. <u>Personal Animosity from Co-workers does Not Constitute any Adverse Employment Action</u>

Even if the subject letters could somehow be attributed to Defendant University, Plaintiff's allegations still fail to measure up to the requisite plausibility standard. As the U.S. Supreme Court has noted, "[t]he antiretaliation provision protects an individual not from all

11

retaliation, but from retaliation that produces an injury or harm." Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 67, 126 S. Ct. 2405, 2414, 165 L. Ed. 2d 345 (2006). It is important to note that the law only recognizes certain acts to constitute "adverse employment action" for purposes of retaliation claims. Courts have expressly limited the type of behavior which constitutes an adverse employment action based on the concern that employers will be paralyzed into inaction once an employee has engaged in protected conduct, making such conduct tantamount to a "get out of jail free" card. Brooks v. City of San Mateo, 229 F.3d 917, 928 (9th Cir. 2000).

An action is cognizable as an adverse employment action if it is reasonably likely to deter employees from engaging in protected activity. Vasquez v. County of Los Angeles, 349 F.3d 634, 646 (9th Cir. 2003). However, as the U.S. Supreme Court has noted, protected activity cannot immunize an employee from "petty slights or minor annoyances that are common at any workplace." White, 548 U.S. at 68. And as the lower courts have noted, Title VII protects against *discrimination*, *not* "personal animosity or juvenile behavior." Shafer v. Kal Kan Foods, Inc., 417 F.3d 663, 666 (7th Cir. 2005). *See also* Brown v. Advocate South Suburban Hospital, 700 F.3d 1101, 1107 (7th Cir. 2012) (Management and co-workers calling one or more of the plaintiffs "trouble maker," "cry baby," and "spoiled child" held not to constitute adverse employment action.

C.    **Peer Review Procedures are Not the Proper Subject of Retaliation Claims**

As we have seen, personal animosity from co-workers does not constitute adverse employment action. That is particularly so in the instant case because here the input from the Plaintiff's coworkers was actually solicited by the employer as part of a legitimate peer review component of the promotion process.

12

Courts "should not substitute their judgment for that of the college with respect to the qualifications of faculty members for promotion and tenure." Rajaravivarma v. Bd. of Trustees for Conn. State Univ. Sys., 862 F. Supp. 2d 127, 161 (D. Conn. 2012). The process of promotion to full professor has been described by the courts as "intrinsically subjective," and "a determination not readily scrutinized in the adversarial judicial forum." Curtis v. Univ. of Houston, 940 F. Supp. 1070, 1078 (S.D. Tex. 1996); Spuler v. Pickar, 958 F.2d 103, 107 (5th Cir. 1992). In fact, the University has adopted detailed procedures for the determination of whether an individual faculty member should be promoted. *See Negotiated Agreement by and Between the Board of Regents of the University of Guam and the UoG Faculty Union, AFT Local 6282* ("Agreement").[1] The University has created a Promotion & Tenure Committee ("Committee"), which consists of eight tenured faculty members elected by the full-time faculty. Agreement, at Article V, Section J.1.a. A faculty member seeking promotion must submit an application package to the Committee, which must comply with a number of requirements. *Id.*, Article V, Section 5.c. The Committee first reviews the application package for completeness, and if not fully documented, the applicant is given the opportunity to provide further documentation. Agreement, Article V, section 5.h

The Committee votes to make a recommendation as to promotion. Agreement, Article V, section 5.i. If the recommendation is negative, the applicant has the right to seek reconsideration from the Committee. *Id.* The Committee then forwards the application

---

[1] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court is asked to take judicial notice of the Agreement, which is a public, government agency document accessible at: http://www.uog.edu/sites/default/files/Signed%20BOR%20Faculty%20Union%20Negotiated%20Agreement%202013%20(2).pdf (last accessed June 17, 2016). Under Rule 201, the court can take judicial notice of "[p]ublic records and government documents available from reliable sources on the Internet," such as websites run by governmental agencies. Hansen Beverage Co. v. Innovation Ventures, LLC, 2009 WL 6597891, *1 (S.D. Cal. Dec. 23, 2009); Gerritsen v. Warner Bros. Entm't Inc., 112 F. Supp. 3d 1011, 1033 (C.D. Cal. 2015).

package, along with its recommendation, to the Senior Vice President for Academic Affairs. *Id.* The Senior Vice President then evaluates the application and the Committee's recommendation, and forwards his or her recommendation to the President of the University. Agreement, Section J.6.f. The President then makes a decision as to the promotion. *Id.*

The gist of Plaintiff's claim is that two fellow faculty members wrote negative letters to the Committee regarding his application for promotion. However, under the University's procedures, the Committee requests recommendations and comments from other members of the University community as part of the evaluation process. Agreement, Article V, section J, 5.g (2). It is simply implausible to suggest that responses from fellow professors as part of a well-established peer review procedure amounts to retaliation on the part of the professors' mutual employer, the University. Moreover, Plaintiff fails to allege and cannot show that "any individual granted promotion and tenure was similarly situated, was held to a different standard, was significantly less qualified than plaintiff, or that the decision not to grant him tenure and promotion was based upon illegal motivation." *See* Cuenca v. Univ. of Kansas, 265 F. Supp. 2d 1191, 1212 (D. Kan. 2003), *aff'd*, 101 F. App'x 782 (10th Cir. 2004).

## V.

## PLAINTIFF'S REMAINING ALLEGATIONS FAIL TO RAISE PLAUSIBLE RETALIATION CLAIMS

In addition to letters from the two University Professors, Plaintiff's retaliation claim appears to be based on the exceedingly vague allegation that "defendant wrote and circulated various derogatory letters and statements about the plaintiff." Complaint at ¶38. Indeed, Plaintiff offers no reference to any specific letter or statement to support this allegation. Moreover, it is unclear how an institution such as the University writes letters or makes

14

statements.  Plaintiff's failure to point to any specific letter or statement by any specific person renders this allegation legally meritless.  *See* <u>Douglas v. Dep't of Correction</u>, 2015 WL 4394877, at *9 (W.D. Wash. July 16, 2015) (dismissing retaliation claim because, "[i]mportantly, Plaintiff does not identify a specific individual who retaliated against him."); <u>Brown v. Camp Hill</u>, 2015 WL 5675575, at *9 (M.D. Pa. Sept. 25, 2015) ("The allegations should be specific as to time and place, and should identify the specific person or persons responsible for the deprivation of his constitutional rights and what each individual did that led to deprivation of his rights.").

Similarly unmeritorious is Plaintiff's claim that he was retaliated against based on allegations that he was elected to serve as a member of the Faculty Senate yet "defendant refused to seat plaintiff."  Complaint at ¶37.  Preliminarily, this claim is unripe because, as noted above, Plaintiff failed to exhaust his administrative remedies with respect to it.  Moreover, it is not up to the University to "seat' a member of the Faculty Senate.  Rather it is the Senate itself which makes such decision.  In any event, whether or not Plaintiff was seated as a member of the Faculty Senate is not an adverse employment action. *See* <u>Bridgeforth v. Salazar</u>, 831 F.Supp.2d 132, 142 (D. D.C. 2011) (failure of employer to issue award to plaintiff did not constitute adverse employment action).

## VI.

### PLAINTIFF'S "MERIT SYSTEM" CLAIM IS MERITLESS

As his second cause of action, Plaintiff alleges that there has been a "violation" of 48 U.S.C. § 1422c because the University does not have a "merit system" for academic appointments and promotions.  Complaint, ¶¶ 44-45.  Plaintiff's allegation is baseless.

15

**A.** **The University is Not an Executive Agency or Instrumentality**

Section 1422c concerns executive agencies and instrumentalities of the Government of Guam. Subsection (a) provides that the Government shall appoint the heads of such executive agencies and instrumentalities. Subsection (a) then goes on to provide that "The legislature shall establish a merit system, and as far as practicable, appointments and promotions shall be made in accordance with such merit system."

In <u>Haeuser v. Dept. of Law</u>, 97 F.3d 1152 (9th Cir. 1996), the Ninth Circuit held that Haeuser, an attorney employed by the Department of Law, an executive agency of the Government of Guam, should have been deemed "classified" as neither the Guam legislature, or the Department of Law, could articulate a valid basis for treating such employee as "unclassified."

But the ruling in the <u>Haeuser</u> case is easily distinguished from the case at bar. Preliminarily, the University is not an executive agency or instrumentality of the Government of Guam. Indeed, the Ninth Circuit has held that the University is not even considered a "governmental subdivision" for purposes of the federal Longshore and Harborworkers Compensation Act. *See* <u>Tyndzik v. Director, Office of Workers Compensation Programs</u>, 53 F.3d 1050 (9th Cir. 1995). Section 1422c simply has no application to non-executive agencies and instrumentalities such as the University.

**B.** **The Legislature has Expressly Empowered the University to Adopt Rules for Academic Personnel, Recognizing the University's "Academic Freedom and Autonomy"**

In addition, Plaintiff's contention that Section 1422c's merit system rules apply to the University hits ground against an express 1995 enactment by the Guam Legislature which defers to the University's Board of Regents which respect to rules regulating academic

16

personal, in recognition of the University's "autonomy" and need for "academic freedom." That provision, codified at Title 4 G.C.A. Section 4102(c) provides as follows:

> (c) Notwithstanding any law or rule to the contrary, employment as academic personnel of the Guam Community College and the University of Guam shall be governed by rules adopted by the Board of Trustees and the Board of Regents, respectively, in order to provide academic freedom and autonomy to the institutions, as intended by P.L. 14-77 as to GCC, and P.L. 19-40 as to UOG. [4 G.C.A. Section 4102(c) (2016).]

Thus, the Guam Legislature has expressly determined that academic personnel of the University are *not* part of the classified service. 4 G.C.A. § 4102. Instead, the Legislature has reaffirmed that academic personnel are governed by personnel rules adopted by the University, 4 G.C.A. § 4102(c), including the terms and conditions of employment of University academic personnel. 4 G.C.A. § 6103. Under Guam law, the President of the University appoints faculty. 17 G.C.A. § 16108. The Board of Regents of the University is given the authority to establish personnel rules and regulations for faculty members. 17 G.C.A. § 16112. No provision of law with respect to employment of personnel is applicable to the University unless the Legislature specifically so states.[2]

As aptly noted by another court:

> The inherently subjective nature of a university department's choice to promote a professor is nearly unmeasurable. In considering a decision to grant that ultimate achievement to a professor, the committee *must* take into account not only his quantifiable productivity but also his unquantifiable personality, collegiality and future or projected performance,

---

[2] The Guam Supreme Court has recognized that, among other things, Section 4102 removed University academic employees from the Civil Service Commission's jurisdiction. *See* Univ. of Guam v. Guam Civil Service Comm'n (Foley), 2002 Guam 4, ¶9, n. 10 (recognizing 1995 amendments to Section 4102 expressly excluded academic employees of the University from the classified and nonclassified service and divested the CSC of jurisdiction to that extent).

17

among myriad other factors about which the court can only speculate.

Curtis v. University of Houston, 940 F.Supp. 1070, 1075 (S.D. Tex. 1996).

In this matter, the Guam Legislature has left the "inherently subjective" determination of whether a faculty member should be promoted to professor to the University, which has given the ultimate decision-making authority in this regard to the President to review the recommendation of the Promotion & Tenure Committee. The Legislature's grant of such authority to the University does not violate Section 1422c.

## C.    Plaintiff's Claim is Time-Barred

Even if Section 1422c applied to the University, Plaintiff's claim alleging a violation of that statute would be barred by the applicable statute of limitation. When a federal statute has no limitations provision, the court is to apply the statute of limitations of the state or territory in which it sits which is most analogous to the federal statute. Wise v.Verizon Comms., Inc. 600 F.2d 1180, 1184-85 (9th Cir. 2010); Direct TV v. Webb, 545 F.3d 837, 847 (9th Cir. 2008).[3]

Federal courts in California apply the California statutory three-year period of limitations [California Code of Civil Procedure § 338(1)] to claims based on an alleged violation of statute in such circumstances. Wyshank v. City National Bank, 607 F.2d 824, 826 (9th Cir. 1979). In Rivera v. Anaya, 726 F.2d 564 (9th Cir. 1984), the court applied the California three-year period of limitations to a claim based on the alleged violation of the federal farm labor law. In Edwards v. Teamsters Local Union No. 36, 719 F.2d 1006 (9th Cir.

---

[3]    In December 1990, Congress adopted a four year limitations period [28 U.S.C.§ 1658] for federal statutes enacted after that date. As Section 1422c was enacted in 1950, this four year period is not applicable.

18

1  1982), the court applied the California three-year period of limitations to a claim based on an

2  alleged violation of federal labor law as to a duty of fair representation.

3      Guam law provides that the applicable period of limitations for a claim based on an

4  alleged violation of statute is three years. 7 G.C.A. §11305(a). Section 11305 is modeled after

5  the California statute of limitations [Section 338] for such claims. *See Id.*, Compiler's Note.

6  The period of limitations for Plaintiff's claim based on an alleged violation of Section 1422c is

7  thus three years.

8      Plaintiff's application for promotion was denied in December 2012. He now alleges

9  that the University's denial of promotion somehow violated Section 1422c. However, Plaintiff

10 did not file his complaint herein until March 2016. As Plaintiff waited more than three years to

11 assert his claim based on an alleged violation of Section 1422c, his claim is time-barred.

12                                  **VII.**

13         **PLAINTIFF HAS NO "DUE PROCESS" INTEREST IN
           A PROMOTION AT THE UNIVERSITY**

14

15     Plaintiff's "Third Cause of Action" is entitled "Due Process." In that part of his

16 Complaint, Plaintiff vaguely alleges that Defendant has "failed to follow basic principles of due

   process in addressing basic employment appeals and other related employment practice
17
   concerns." Complaint at ¶ 49. The only other allegation Plaintiff makes in that portion of his
18
   Complaint is that, "Defendant claims that the right to appeal employment decisions or process
19
   flaws is restricted by a labor contract provision." Complaint at ¶ 50. Otherwise, we are left to
20
   wonder precisely what Plaintiff is alleging in the supposed "due process" portion of his
21
   Complaint.
22

23

24                                   19

1    Fortunately, it is unnecessary to struggle to divine the precise meaning of Plaintiff's

2    "due process" count because that claim for relief suffers from a fundamental and incurable

3    flaw.  For Plaintiff simply assumes, without establishing, that he is legally entitled to pursue a

4    "due process" claim in connection with University promotion and tenure processes.  As the

5    Ninth Circuit has instructed, Plaintiff is mistaken.

6    **A.       Workplace Promotions Generally Do Not Affect a Property Interest**

7        In the seminal case of <u>Nunez v. City of Los Angeles</u>, 147 F.3d 867 (9th Cir. 1998), the

8    Ninth Circuit expressly joined other circuit courts in holding that workplace promotions

9    generally do not affect a property interest under a substantive due process analysis.  In <u>Nunez</u>,

10   the court was considering whether certain police officer plaintiffs had a property interest in

11   promotions at the workplace.  Initially, the court noted that "[a]lthough one's actual job as a

12   tenured civil servant is property . . . the prospect of a promotion is not in the same category."

13   <i>Id.</i>, 147 F.3d 817, <i>citing</i>, <u>Cleveland Bd. of Educ. v. Loudermill</u>, 470 U.S. 532, 538-39, 105

14   S.Ct. 1487, 84 L.Ed.2d 494 (1985).  The Ninth Circuit said:

15                Several of our sister circuits have already reached the issue
             and **rejected attempts to classify expectancy in a promotion
16           as a property interest**.  [Citations omitted]  **We see no
             reason to buck the trend.**

17   <i>Id.</i>, 147 F.3d at 871-72 (footnote omitted).

18
19       The court elaborated that, "[u]nsurprisingly, **every circuit that has addressed the issue

20   has rejected the claim that the denial of a promotion constitutes a deprivation of liberty."**

21   The court added, "[w]e agree with this consensus. Whereas 'preventing someone from

22   advancing in his occupation can be a cruel deprivation, it would stretch the idea of liberty of

23

24                                            20

1    occupation awfully far . . . to treat a bar to promotion as a deprivation of that liberty.'" *Id.*, 147

2    F.3d at 873, *quoting* Bigby v. City of Chicago, 766 F.2d 1053, 1056–57 (7th Cir. 1985).

3         In Nunez, the Ninth Circuit also clarified that the plaintiffs at issue there did not "have a

4    property interest in the procedures for promoting candidates to lieutenant" because

5    "[p]rocedural requirements can give rise to property interests only when they impose

6    'significant limitation[s] on the discretion of the decision maker.'" *Id.* at 873 n.8 (*quoting*

7    Goodisman v. Lytle, 724 F.2d 818, 820 (9th Cir. 1984)).  *See also*, Hill v. Alameda Cty. Prob.

8    Dep't, 2015 WL 1408825, at *3 (N.D. Cal. Mar. 27, 2015).  It is fundamental that not every

9    alleged governmental action is subject to constitutional due process protections.  As the Ninth

10   Circuit put it in Nunez, "[t]he federal judiciary is not a good-government watchdog; the Due

11   Process Clause is not the 'Fairness Clause.'"  Nunez, 147 F.3d at 874.

12        **B.      Professors Have No Property Interest in Promotions**

13        Of course, this is hardly the first time a university professor has sued his university for

14   being denied tenure or a promotion.  In fact, there are numerous federal cases in which due

15   process challenges similar to Plaintiff McNinch's were summarily dismissed.  In Olson v.

16   Trustees of California State Universities, 351 F. Supp. 430, 433 (C.D. Cal. 1972), a university

17   professor sought a promotion to full professor and was denied.  He sued the University, but his

18   case was dismissed on the university's motion because, *inter alia*, "Olson's sought promotion

19   does not approach the definition of property as described above.  He was not fired, nor did his

20   employers violate any tacit agreements or quasi contracts or mutual understandings.  Nothing

21   more occurred than a request for promotion, followed by a denial." *Id.*

22        Similarly, in Curtis v. Univ. of Houston, 940 F. Supp. 1070, 1078 (S.D. Tex. 1996), the

23   court held that while a professor has a property interest in his status as a tenured associate

24                                                 21

professor, "he has no property right to the promotion."  *Id.*, *aff'd*, 127 F.3d 35 (5th Cir. 1997). And in Kmetz v. Univ. of Delaware, 2014 WL 2885440, at *2 (D. Del. June 25, 2014), the court granted a university's motion to dismiss a tenured associate professor's suit based on his denial of a promotion to full professor because the professor failed to show an adequate property interest in a merits-based promotion process.

In Goodisman v. Lytle, 724 F.2d 818 (9th Cir. 1984), the Ninth Circuit rejected a professor's claim that University officials deprived him of procedural due process by allegedly failing to follow the procedures established for making decisions on promotions and tenure. 724 F.2d at 820.  As the Ninth Circuit noted, "due process requirements apply only to liberty and property interests protected by the 14th Amendment."  *Id.*, *citing* Board of Regents of State Colleges v. Roth, 408 U.S. 564, 569, 92 S.Ct. 2701, 2705, 33 L.Ed.2d 548 (1972).  The court also noted that "procedural requirements ordinarily do not transform a unilateral expectation into a constitutionally protected property interest."  *Id. citing* Jacobson v. Hannifin, 627 F.2d 177, 180 (9th Cir. 1980).  Rather, the court noted, a "constitutionally protected interest has been created only if the procedural requirements are intended to be a 'significant substantive restriction' on the University's decision making."  *Id.* (*quoting* Jacobson, 627 F.2d at 180).  *Id.*, as summarized in Hill v. Alameda Cty. Prob. Dep't., 2015 WL 1408825, at *3 (N.D. Cal. Mar. 27, 2015).

In the instant case, Plaintiff maintains that the Comprehensive Faculty Evaluation System lacked a method of measuring or scoring faculty efforts and that such a lack of an objective merit standard was violative of the Organic Act of Guam.  Plaintiff is mistaken because, as we have seen, the Organic Act requirements of a merit system do not apply to promotion and tenure of University professors.  However, even if these procedures did apply,

22

their implementation or want thereof would not amount to any due process deprivation. The procedures of which Plaintiff complains in the instant case do not pose any "significant substantive restriction" on the University's decision-making. To the contrary, according to Plaintiff's Complaint, the procedures are *not restrictive enough* because they lacked "an objective merit standard." Complaint at ¶ 17. Plaintiff is essentially maintaining that University officials enjoyed too much discretion in their decision making. Plaintiff simply fails to make the required allegation or proof that any procedural requirement was intended to be a significant substantive restriction on the University's tenure decision-making.

### C.      Academic Promotions are Intrinsically Subjective

As noted above, the process of promotion to full professor has been described by the courts as "intrinsically subjective," and "a determination not readily scrutinized in the adversarial judicial forum." Curtis v. Univ. of Houston, 940 F. Supp. 1070, 1078 (S.D. Tex. 1996); Spuler v. Pickar, 958 F.2d 103, 107 (5th Cir. 1992). Ordinarily, academic promotions are within the discretion of the appropriate academic authorities. It follows that, absent some statute, ordinance or institutional regulation, a faculty member has no "property entitlement to a promotion and therefore lacks any constitutional basis for requiring some kind of hearing upon a nonpromotion decision" on that ground. Colm v. Vance, 196 U.S. App. D.C. 132, 137, 567 F.2d 1125, 1130 (D.C. Cir. 1977); Schwartz v. Thompson, 497 F.2d 430, 432 (2d Cir. 1974); Koscherak v. Schmeller, 363 F.Supp. 932, 936 (S.D.N.Y. 1973) (three-judge court) *Aff. mem.*, 415 U.S. 943, 94 S.Ct. 1462, 39 L.Ed.2d 560. Moreover, any contention that refusal to promote is sufficiently stigmatic to constitute a deprivation of liberty, giving rise to a hearing, has been consistently repudiated. Bishop v. Wood, *supra*, 426 U.S. at 350, 96 S.Ct. 2074; Lake Mich. Col. Fed. of Teach. v. Lake Mich. Com. Col., 518 F.2d 1091, 1097-98 (6th Cir. 1975),

23

1 | *cert. denied* 427 U.S. 904, 96 S.Ct. 3189, 49 L.Ed.2d 1197; <u>Dee Swain v. Board of Trustees</u>,

2 | 466 F. Supp. 120, 122 (N.D. Ohio 1979); <u>Clark v. Whiting</u>, 607 F.2d 634, 641 (4th Cir. 1979).

### CONCLUSION

For all the reasons stated, Plaintiff has failed to nudge his claims across the line from conceivable to plausible. Accordingly, Defendant University of Guam's Motion to Dismiss the Complaint should be GRANTED.

Respectfully submitted this 28th day of June, 2016.

**THOMPSON THOMPSON & ALCANTARA, P.C.**
Attorneys for Defendant University of Guam


By____/s/ R. TODD THOMPSON_____
**R. TODD THOMPSON**

P161028.RTT

24